829 F.2d 35
 45 Fair Empl.Prac.Cas. 1895,
8 Employee Benefits Ca 2367
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert W. JOHNSON and Marie A. Siemon, Personal
Representative of the Estate of Otto Siemon,
Plaintiff-Appellee,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE, A Municipal
Corporation, and Hyman A. Pressman, as Chairman, and Frank
Battaglia; Edward C. Heckrotte, Sr.; Charles Daugherty;
Charles F. Peace III; William R. Holland, as Members of the
Board of Trustees, Fire and Police Employees Retirement
System of the City of Baltimore, Defendants-Appellants.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided Aug. 24, 1987.
 
 L. William Gawlik, Assistant Solicitor (Benjamin L. Brown, City Solicitor; Ambrose T. Hartman, Deputy City Solicitor, on brief), for appellants.
 Harriet Ellen Cooperman (William H. Engelman; Kaplan, Heyman, Greenbert, Engleman & Belgrad; Paul D. Bekman, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In Johnson v. Mayor and City Council of Baltimore, 472 U.S. 353 (1985), the Court unanimously held that certain portions of the Baltimore City Code applicable to Fire Department employees violated the Age Discrimination in Employment Act of 1967. The question presented by this appeal is the effect of Johnson on the computation of pensions and death benefits of firemen who work beyond the age at which they would have been required to retire* had Baltimore's mandatory retirement age provisions not been invalidated.
 
 
 2
 Plaintiffs, a retired firefighter and the widow of a retired firefighter whose husband died after retirement, sued the City contending that their benefits should be increased by credit for service as a firefighter for the period that the retired firefighters worked beyond the ages of the invalidated mandatory retirement ages. The City, however, vigorously asserted that the pension legislation, Article 22 Sec. 34(b)(2) of the Baltimore City Code, should be interpreted as terminating accrual of additional benefits when covered fire department members reached the now outlawed mandatory retirement ages.
 
 
 3
 The district court gave judgment to plaintiffs. It ruled that, as a matter of statutory interpretation, buttressed by the construction of the Age Discrimination in Employment Act in Johnson, plaintiffs' contentions must prevail. Johnson v. Mayor and City Council of Baltimore, 637 F.Supp. 903 (D.Md.1986). The district court also held that the City's interpretation of the City Code was not adopted to observe the terms of a bona fide pension plan but as a subterfuge to avoid the purposes of the Act. See 29 U.S.C. Sec. 623(f)(2); Crosland v. Charlotte Eye, Ear & Throat Hospital, 686 F.2d 208 (4 Cir.1982).
 
 
 4
 We think that the district court correctly decided the case and we affirm for the reasons set forth in its opinion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Firemen who were employed prior to 1962 were required to retire at age 60. Those who were employed after 1962 were required to retire at age 55